33 C.C.P.A.(Patents)

### Application of DELIGIANES et al.

### Patent Appeal No. 5122.

Court of Customs and Patent Appeals.

March 6, 1946.

Clarence E. Threedy, of Chicago, Ill., for appellants.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 4, 7, 9, 10, and 11) in appellants' application for a patent for an alleged invention relating to improvements in paper napkin cutting and folding machines.

Claim 4 is illustrative of the appealed claims. It reads:

"4. In a duplex paper folding machine having a common drive and including a pair of cutting rollers adapted to receive between them a folded napkin strip to be severed in predetermined lengths as they are fed into discharging rolls arranged for rotative movement in conjunction with said cutting rolls to fold said lengths of napkin after said severing operations, the provision of means for feeding such lengths of napkin between the discharge and cutting rolls, said means including a rocker shaft, a T-shaped oscillating lever on said shaft having its crosshead disposed in alignment with a plurality of said cutting rolls, napkin engaging fingers arranged on said crosshead and adapted to be moved with the latter toward and away from said discharge and cutting rolls and for engaging and inserting the mid-section of said lengths of napkin between said discharge and cutting rolls for the purpose aforesaid, means for rocking said shaft in synchronism with the rotation of the cutting rollers, said last named means including the combination of a *toothed segment on said rocker shaft, a reciprocable bar arranged for sliding movement forth and back tangentially with respect to said segment and having a toothed rack formation thereon drivingly engageable with said segment,* a cam disc having a track formed therein, roller means on said reciprocable bar disposed in said track, and power take-off means operatively connected with said common drive and said cam disc for driving the latter." (Italics not quoted.)

The references are:

Campbell, 1,666,086, April 17, 1928;
Deligianes et al., 1,867,909, July 19, 1932;
Campbell, 1,878,437, Sept. 20, 1932.

Appellants' paper napkin cutting and folding machine is of the duplex type, and of the character, as stated in their brief, "which employs a gang feed mechanism for feeding a plurality of severed napkins in-

to discharge rollers." For that purpose, appellants disclose a rocker shaft to which is attached for movement therewith an arm having a crosshead which, according to appellants' application, together form a "T-shaped lever." Carried upon the T-shaped lever is a "plurality of napkin strip abutting fingers" which, when the napkin strip is extended downwardly from two cutting rollers, one of which is supplied with a cutter blade and the other with a notch which co-acts with the blade for the purpose of severing the paper strip into proper napkin lengths, will "insert the mid section of the leading length of napkin" between a so-called "discharge roller" and one of the cutting rollers. The napkin strip is then held in place between the discharge roller and one of the cutting rollers so that as the blade on the one cutting roller rotates into mesh with the groove in the other cutting roller the strip is severed into proper napkin lengths, "thus starting the final double-fold [of the napkin] which is finished by the discharge roller." Means is provided for oscillating the rocker shaft in synchronism "with the rotation of the cutting rollers," including a gear segment on an arm attached to the rocker shaft and extending radially therefrom, a reciprocal rod arranged for reciprocable movement tangentially with respect to the gear segment and having a rack bar thereon, the teeth of which mesh with the teeth on the gear segment. A roller member, mounted on the reciprocal rod, is arranged so that it extends into a cam track in a cam disc carried by, and rotatable with, a cam shaft which "receives its driving action through a power take-off" means operatively connected with a common drive shaft and the cam disc "for driving the latter."

The patent to Campbell (No. 1,666,086) relates to a duplex paper cutting and folding machine. In the patentee's structure, after the paper strip has been folded longitudinally, it passes between cutting rollers where it is cut into proper napkin lengths. The patentee states that "The doubling mechanism for folding the longitudinally folded cut-off sections to produce quarter-folded articles includes an oscillating folder blade [attached to a pair of arms which are fixed to a shaft] * * *, which cooperates with a folding guide." The quarter-folded articles pass between one of the cutting rollers and feed rollers, which rollers, by means of certain mech-

anism, are caused to operate in synchronism with the folding blade. Packer blades, which oscillate in timed relation to the folding blade, sweep the folded articles into two compartments supported by a table where they are stacked. In order to synchronize the folding blade with one of the cutting rollers and the feed rollers, the patentee's blade is attached to a pair of arms which are caused to oscillate, and, in operation, "the free edge of the folding blade * * * will engage precisely midway between the top and bottom ends of the cut-off sections of longitudinally folded material, thereby forcing the same" between "upper and lower plate-like members * * * [which are] spaced apart a proper distance to admit the folding blade therebetween."

With reference to the cutting and folding feature of appellants' structure as defined in the appealed claims and that disclosed in the Campbell patent No. 1,666,086, the Primary Examiner said:

"* * * Each of the appealed claims differs from the structure disclosed in Campbell 1,666,086, in that they recite more or less specifically the tucker arm and blade structure [a lever having a crosshead thereon forming a T-shaped member and 'napkin engaging fingers' arranged on the crosshead], and the oscillating mechanism therefor. The claimed 'finger means,' 'napkin engaging fingers' or 'gang of tucking fingers' mounted on the crosshead are in Campbell incorporated in the cross head, which is the tucking blade [folding blade]. The cutting rolls * * * of the reference are sufficiently long so that they can operate upon two webs, side by side, passing through the rolls. The blade is sufficiently long so that it embraces the two webs in the tucking operation. No patentable difference is believed to exist between the tucker arm and blade structure of the reference [a folder blade attached to a pair of arms which are fixed to a shaft], and that recited in the claim[s]. They are believed mechanical [e]quivalents.

"Likewise, the particular tucker arm [the T-shaped lever] oscillating means recited in the claims, and shown in Figs. 3 and 4 of the drawing is believed to lack patentable merit over the tucker arm drive shown in Fig. 4 of the reference. Applicants employ conventional elements in a known manner to obtain their drive. No new or unexpected results are obtained by the use of such elements. The elements employed by the patentee are equivalent in all respects to those set forth in the claims, and the results obtained are the same."

The claims were also rejected by the Primary Examiner on the patent to Campbell (No. 1,666,086), hereinbefore referred to, in view of the patents to Deligianes et al. and Campbell (No. 1,878,437).

The patent to Campbell (No. 1,878,437) relates to a napkin cutting and folding machine of the duplex type, and discloses a tucker blade having napkin engaging fingers thereon. In the patentee's structure, two webs are severed into napkin lengths by cutting rollers. The napkin lengths are tucked at their mid points between folding rollers by the tucker blades.

The Primary Examiner held that it would be obvious, in view of the disclosure in the last named patent, to modify the folder blade in the earlier Campbell patent (No. 1,666,086) so as to provide it with napkin engaging fingers as called for by the appealed claims, and that such modification would not involve invention.

The patent to Deligianes et al. relates to a paper napkin folding machine, not of the duplex type, and discloses a machine in which a web of paper is fed by rollers to two cutting rollers where it is cut into napkin lengths. By means of a tucker blade, the napkin lengths are tucked between one of the cutting rollers and a fold roller in order to fold one end portion of the severed strip back upon itself. The folded napkin length is then forced between the fold roller, hereinbefore mentioned, and another fold roller by means of a tucker blade so as to fold the unfolded end portion back upon itself. Oscillation of the arm upon which the last mentioned tucker blade is carried is accomplished by means of a gear mounted on a shaft which meshes with a rack bar mounted for longitudinal movement in a guiding structure. The rack bar is reciprocated by means of a pinion mounted on a shaft on which is mounted a gear which meshes with a reciprocatory rack bar. Reciprocation of the last named rack bar is accomplished by a disc having a cam slot which is mounted on a roller carried by the rack bar.

With reference to the second ground of rejection, the Primary Examiner stated that if it were considered that the oscillating means and its arrangement disclosed

in the Deligianes et al. patent were more suitable or more desirable than the arm and blade arrangement and the oscillating means therefor disclosed in the Campbell reference patent (No. 1,666,086), it would be obvious to one skilled in the art to substitute the disclosure in the Deligianes et al. patent for that of the Campbell patent (No. 1,666,086).

In affirming the decision of the Primary Examiner, the Board of Appeals stated, relative to the examiner's first ground of rejection, that no invention was involved in appellants' structure— "* * * in either the specific T-shaped arrangement of the swinging tucker arm or in the segmental rack and cooperating rack bar and cam groove for oscillating it over corresponding elements of the Campbell machine. The patent to Campbell discloses oscillating arms each carrying a tucker blade rather than a T-shaped structure embodying an oscillating arm carrying a crosspiece having two blades and further that the employment of a crank * * * on the end of the oscillating shaft and a pitman * * * actuated by crank * * * of Campbell is fully equivalent to applicant's segmental gear and rack."

The board further stated that it was in agreement with the examiner's conclusion that the differences in the "relatively simple mechanical elements are only equivalents and produce no new or unexpected result in this relation and are entirely within the skill of those working in the art without exercising invention."

The board also approved the examiner's second ground of rejection, stating, among other things, that the patent to Deligianes et al. disclosed a "segmental gear and rack bar actuated by a cam in relation fully equivalent to that shown by applicant as one feature and also to disclose a kind of double tucking blade carried upon oscillating bars," and that each "half of the tucking blade structure of Campbell, 1,878,437, has T-shaped configuration."

The board admitted that the structure defined by the appealed claims differs from each of the sructures in the reference patents, but was of opinion that the structures of the reference patents are fully equivalent to the structure defined by the appealed claims.

In answer to the assertion by counsel for appellants that appellants' structure is more simple than those of the reference patents, the board stated that that was only a matter of opinion.

Counsel for appellants states in his brief that the examiner and the Board of Appeals pointed out the differences between applicants' machine and that disclosed in the Campbell reference patent (No. 1,666,-086) and held that there was no inventive difference between those structures. Counsel calls attention to the fact, however, that the entire mechanism in the Campbell reference patent (No. 1,666,086) is outside the frame of the machine, and contends that in the construction of appellants' machine the means for tucking the napkin between the cutting rolls and the discharge rolls is confined "practically within the area provided by the two side walls of the machine," and that in such a construction "most of the mechanism is located from possible contact with the operator of the machine." (It may be observed at this point that a portion of appellants' machine is outside the area formed by the side walls, and it is possible that the operator of the machine may come in contact with that portion.)

Counsel for appellants concedes that appellants' alleged invention is not in an undeveloped field, but contends that the Deligianes et al. patented machine is not of the duplex type and could not be made a duplex machine without duplicating a considerable portion of the structure shown in the patent, and that appellants' claimed structure is made a duplex machine by mounting upon the rocker shaft the "T-shaped tucker finger carrying bar."

It is true, as argued by counsel for appellants, that the Deligianes et al. patented machine is not of the duplex type. However, the claims were not rejected on that patent alone but on a combination of the reference patents.

It will be observed from what has been said that each of the reference patents provides mechanism which operates in synchronism with cutting rollers, feeding rollers, and folding rollers. It is true that the prior art mechanisms differ in some minor respects from that defined by the appealed claims. However, the tribunals of the Patent Office concurred in holding that such differences as existed involved mere mechanical equivalents, which accomplished substantially the same thing in substantially the same way, and that, therefore, the mechanism defined by the appealed claims

was not patentable over the disclosures in the reference patents. See Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 330, 65 S.Ct. 647.

It will be recalled that the patent to Campbell (No. 1,878,437) discloses a tucker blade having napkin engaging fingers. Although such fingers may differ from the fingers in appellants' structure, that distinction is not set forth in the appealed claims. Furthermore, there is no evidence of record to indicate that there would be any invention in providing the folder blades in the Campbell patent No. 1,666,086 with napkin engaging fingers.

We have carefully considered the arguments presented here by counsel for appellants, but are unable to hold that the tribunals of the Patent Office erred in rejecting the appealed claims.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.